IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERTO MARTINEZ a/k/a ROBERTO ARNOLDO MARTINEZ BARRIENTOS, TDCJ No. 2067337, §§§§§ Petitioner, §§ V. §§ DIRECTOR, TDCJ-CID, §§§§ Respondent. § | No. 3:21-cv-717-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Roberto Martinez a/k/a Roberto Arnoldo Martinez Barrientos (Martinez), a Texas prisoner, has again filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 collaterally attacking his September 17, 2014 Dallas County conviction for failure to register as a sex offender – enhanced, *see State v. Martinez*, No. F14-00302-J (Crim. Dist. Ct. No. 3, Dallas Cnty., Tex.); Dkt. No. 3 at 2, asserting that he received ineffective assistance of counsel, that there was a conspiracy between the prosecution and the judge, that he is factually innocent, and that the court and the prosecution abused discretion, *see* Dkt. No. 2 at 6-7.

The criminal judgment that Martinez now challenges was affirmed as modified on direct appeal in 2015. *See Martinez v. State*, No. 05-14-01238-CR, 2015 WL 6750812 (Tex. App. – Dallas Nov. 4, 2015, pet. ref'd). And the Texas Court of Criminal Appeals (the CCA) refused Martinez's petition for discretionary review on April 6, 2016. *See Martinez v. State*, No. PD-1590-15 (Tex. Crim. App.).

Martinez, proceeding *pro se*, then sought state habeas relief but filed that application no sooner than July 24, 2018, the date that he signed it. *See Ex parte Martinez*, W14-00302-J(A) (Crim. Dist. Ct. No. 3, Dallas Cnty., Tex.). The CCA denied the application without written order on the trial court's findings without a hearing, on November 7, 2018. *See Ex parte Martinez*, WR-89,055-01 (Tex. Crim. App.).

Martinez's initial Section 2254 application was denied as time barred. *See Martinez v. Davis*, No. 3:19-cv-787-B-BN, 2019 WL 3324302 (N.D. Tex. June 28, 2019), *rec. accepted*, 2019 WL 3322169 (N.D. Tex. July 24, 2019). And this Court has already transferred, for lack of jurisdiction, at least one of his successive Section 2254 petitions to the United States Court of Appeals for the Fifth Circuit. *See Martinez v. Davis*, No. 3:20-cv-1630-M-BN, 2020 WL 3979691 (N.D. Tex. June 22, 2020), *rec. accepted*, 2020 WL 3976982 (N.D. Tex. July 14, 2020).

United States District Judge Sam A. Lindsay referred Martinez's latest Section 2254 habeas action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because Martinez's petition is unauthorized as successive, and considering the circumstances here, the Court should dismiss the application without prejudice to Martinez's right to seek authorization from the Fifth Circuit to file a successive habeas application.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas

corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gatekeeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Martinez has already exercised his "one fair opportunity to seek federal habeas relief from [his 2014 Dallas County] conviction." *Banister*, 140 S. Ct. at 1702. And his current claims, including of actual innocence, allege defects in that conviction that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Martinez when he filed an initial Section 2254 application. *Leal Garcia*, 573 F.3d at 222; *see, e.g.*, *Ramos v. Davis*, 653 F. App'x 359, 364 (5th Cir. 2016) (per curiam) ("Where a petitioner seeks 'to add a new ground for relief' that was or could have been raised in an earlier federal habeas application" – including a claim of actual innocence – a court "must treat it as a second or successive habeas petition." (quoting *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010)

(citing, in turn, *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)))).[1]

The current habeas petition is therefore successive. And Martinez's failure to first obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives this Court of jurisdiction to consider the current habeas application. *See, e.g.*, *Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

The Court could cure this want of jurisdiction by also transferring this application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631. But, given Martinez's history of unauthorizing attacking this conviction in federal court, set out above, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *United States v. King*, Nos. 3:97-

---

[1] *See also In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam) ("So even though Will did not know of the State's alleged *Brady* violation at the time he filed his first habeas petition, it is still subject to AEDPA's statutory requirements for filing a successive petition." (citation omitted)); *Leal Garcia*, 573 F.3d at 221 ("[P]etitioners filing later habeas petitions [may not] assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later petition is non-successive. … AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive."); *Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2015 WL 694953, at *6 (N.D. Tex. Feb. 18, 2015) ("Petitioner's claims raised in her third federal habeas application attack purported defects that existed or claims that were ripe at the time of the prior applications even though Petitioner claims that the evidence to support and identify those claims was not previously discovered or discoverable." (citing *Leal Garcia*, 573 F.3d at 221-22)).

cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003).

## Recommendation

The Court should dismiss Petitioner Roberto Martinez a/k/a Roberto Arnoldo Martinez Barrientos's application for writ of habeas corpus under 28 U.S.C. § 2254 without prejudice to his right to file a motion for authorization to file a successive application in the United States Court of Appeals for the Fifth Circuit.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 7, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE