IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERTO BARRIENTOS,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-717-L-BN** |
| | § | |
| **Director TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

On September 7, 2021, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 10) was entered, recommending that the court dismiss without prejudice for lack of jurisdiction Petitioner's successive habeas petition that was filed pursuant to 28 U.S.C. § 2254.  Normally, successive petitions are transferred to the United States Court of Appeals for the Fifth Circuit, but the magistrate judge recommends that this action be dismissed without prejudice to Petitioner's right to file a motion with the Fifth Circuit to obtain authorization to file a successive habeas application given his history of filing unauthorized collateral attacks in federal court regarding his state conviction for failure to register as a sex offender (enhanced).

On September 24, 2021, Petitioner's "Motion for Relief [From] Judgment" (Doc. 11) was docketed.  In this motion, Petitioner asserts that he is not challenging his state court conviction. The court **construes** this motion as Petitioner's objections to the Report and **overrules** the objections, as it agrees with the magistrate judge that this is yet another unauthorized collateral attack on Petitioner's state conviction.

As correctly noted by the magistrate judge, when a petition is deemed successive, the district court lacks subject matter jurisdiction unless a panel of the Fifth Circuit allows the successive petition to proceed.  This is because, "[b]efore a petitioner may file in federal district court a 'second or successive' habeas petition as described by 28 U.S.C. § 2244(b), the petitioner must file for authorization in the relevant court of appeals." *Storey v. Lumpkin*, 8 F.4th 382, 390 (5th Cir. 2021) (quoting 28 U.S.C. § 2244(b)(3)(A)).  "If a petitioner files a 'second or successive' petition in the district court without first obtaining authorization from the court of appeals, the district court *may* transfer the petition to the court of appeals via 28 U.S.C. § 1631 because the district court lacks jurisdiction over the petition." *Storey*, 8 F.4th at 390 (citing *Adams v. Thaler*, 679 F.3d 312, 321 (5th Cir. 2012)) (emphasis added).  In this regard, § 1631 provides: "Whenever a civil action is filed . . . and [the] court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice*, transfer such action . . . to any other such court . . . in which the action or appeal could have been brought at the time it was filed[.]" (emphasis added)).

Here, because of Petitioner's history of filing unauthorized successive petitions, the court determines that transferring this action to the Fifth Circuit would not serve the interests of justice and, thus, transfer is not warranted under the circumstances of this case.[1] Accordingly, after reviewing the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct; **accepts** them as those of the court; and, instead of transferring the action, it **dismisses without prejudice** this habeas action for lack

---

[1]  *Compare Adams v. Davis*, 3:17-CV-1133-N-BN, 2017 WL 2535863, at *1 (N.D. Tex. May 2, 2017), *rec. adopted*, 3:17-CV-1133-N, 2017 WL 2505495 (N.D. Tex. June 9, 2017) (transfer appropriate where no history of successive petitions aimed at same issue), *with United States v. King*, Nos. 3:97-CR-0083-D-01 & 3:03-CV-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (history of filing successive petitions warranted "dismissal without prejudice . . . [to] better serve[ ] the interests of justice than a transfer[.]").

of jurisdiction.  If Petitioner would like to file a successive habeas application, he must first file a motion with the Fifth Circuit to obtain authorization.

In light of the court's determination that it lacks jurisdiction over this action, the clerk of the court **shall** terminate Petitioner's pending motion to proceed *in forma pauperis* in this action (Doc. 4).  *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (explaining that, because "§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one," it also deprives the district court of jurisdiction to consider other motions filed in a successive habeas action such as motions for the appointment of counsel and motions for extension of time) (citations omitted).

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

(a)    Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b)    Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

support of this determination, the court **accepts** and **incorporates by reference** the Report filed

in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate

filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 6th day of October, 2021.

Sam A. Lindsay
United States District Judge